IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------

JADE H. BRADBURN  : CASE NO. 1:12 CV 01095
:
Plaintiff, :
:
: MEMORANDUM OF OPINION AND
-vs- : ORDER GRANTING DEFENDANT
: RION'S MOTION TO SEVER AND
: REMAND, GRANTING DEFENDANT
: WAL-MART'S MOTION TO TRANSFER
WAL-MART STORES, INC., et al., : VENUE, AND DENYING MR.
: BRADBURN'S MOTION TO REMAND
Defendants. : THE ENTIRE MATTER.

------------------------------------------------

UNITED STATES DISTRICT JUDGE LESLEY WELLS

The procedural posture of this FMLA case is under dispute. Plaintiff Jade Bradburn ("Mr. Bradburn") filed this suit in the Cuyahoga County, Ohio Court of Common Pleas against his former employer Wal-Mart Stores East, L.P., his former supervisor Jennifer Anson (collectively "Wal-Mart") and, finally, Rion, Rion & Rion, L.P.A., Inc. ("Rion"), the law firm representing Mr. Bradburn in his former suit against the employer defendants when he alleged a violation of the Americans with Disabilities Act. ("ADA") (Doc. 1). In the instant suit, Mr. Bradburn maintains claims of disability discrimination, hostile work environment, retaliatory discrimination, violations fo the Family Medical Leave Act ("FMLA"), breach of contract, promissory estoppel, intentional infliction of emotional distress, legal malpractice, and breach of fiduciary duty. (Complaint ¶¶ 13-22).

The Rion defendant seeks to have the state-based legal malpractice and breach of fiduciary claims severed, pursuant to 28 U.S.C. § 1441(c)(2), and remanded to the Cuyahoga County Court of Common Pleas. (Doc. 7). The Wal-Mart defendants urge the transfer of the FMLA claim, along with the state law claims over which the Court has supplemental jurisdiction, to the United States District Court for the Southern District of Ohio, Western Division at Dayton, pursuant to 28 U.S.C. § 1404(a). (Doc. 5). Finally, in her responsive brief, Mr. Bradburn asks the Court to remand the entire Complaint predicated on the Wal-Mart's failure to adhere to the rule of unanimity requiring all defendants to an action to consent to removal. (Doc. 11). The parties have filed responsive pleadings. (Docs. 12, 13, 14, 15).

The Court has reviewed the separate positions and arguments of the parties and will, for the reasons discussed below, sever the Plaintiff's claims against the Rion defendant, remand those claims to the Cuyahoga County Court of Common Pleas, and transfer Mr. Bradburn's FMLA claim, along with the supplemental state claims, to the United States District Court for the Southern District of Ohio, Western Division at Dayton, pursuant to 28 U.S.C. § 1404(a).

### Motion to Sever and Remand Rion Defendant

This Court has the discretion to exercise supplemental jurisdiction over state law claims when it has before it federal and state claims that arise out of a common nucleus of operative facts. <u>Packard v Farmers Ins. Co. of Columbus</u>, 423 Fed. Appx. 580, 583 (6th Cir. 2011) (finding a common nucleus of operative facts exists when state and federal law claims arise from the same contract, dispute, or transaction). The facts

relevant for the federal claim must share a common nucleus with the facts relevant to the state law claim. In this instance, the burden of proof required for establishing Mr. Bradburn's FMLA claim, see Krumheuer v. GAB Robins North America, Inc., 2012 WL 1700702, at *4 (6th Cir. 2012), must bear commonality with the facts necessary to sustain the Plaintiff's legal malpractice claim, see Vahila v. Hall, 77 Ohio St. 3d 421, 427-28, 674 N.E. 2d 1164 (1997). Because Mr. Bradburn's claims against Wal-Mart and Ms. Anson do not share a common nucleus of operative fact with his claims against Rion, the Court will sever the Rion claims, over which it cannot exercise supplemental jurisdiction, and remand those claims to the Cuyahoga County Court of Common Pleas.

### Motion to Transfer Venue Under 28 U.S.C. § 1404(a)

Section 1404(a) states, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The decision whether to transfer a case under § 1404(a) is within the court's discretion. Kerobo v. Sw. Clean Fuels Corp., 285 F.3d 531, 537 (6th Cir. 2002). In considering a motion to transfer venue based on § 1404(a), this Court "weigh[s] a number of case-specific factors such as the convenience of the parties and witnesses, public-interest factors of systemic integrity, and private concerns falling under the heading 'the interest of justice.'" Kerobo, 285 F.2d at 537.

In this instance, Wal-Mart seeks to transfer this matter to the United States District Court for the Southern District of Ohio, Western Division at Dayton, pursuant to 28 U.S.C. § 1404(a). In arguing for the transfer, Wal-Mart notes that Mr. Bradburn's

3


preference for choice of forum has now been diluted as a result of this matter being removed from a state to federal venue. Walmart further contends that none of the conduct giving rise to the Complaint arose in the Northern District and, as such, the Plaintiff's preference of forum has minimal value. See Truserv Corp. V. Neff, 6 F. Supp. 2d 790, 794 (N.D. Ill. 1998).

In balancing the § 1404(a) factors the Court first considers the convenience of the parties and the witnesses. In this instance, all of the witnesses are located in the Southern District. While Mr. Bradburn resides in the Northern District, he relocated after the alleged events accrued in the Southern District. Further, the Southern District is the location of the vast majority of the documentary evidence and the situs of events. Mr. Bradburn does not address Wal-Mart's motion to transfer but argues, instead, for remand of the entire matter. As Wal-Mart properly removed the suit, Mr. Bradburn's contention is untenable. Accordingly, the convenience of the parties and witnesses favors situating the case in the Southern District.

Next, the Court considers the public interest and the interests of justice. Among the public interest factors the Court should consider are concern for judicial economy, the Court's familiarity with the governing law, the interest in resolving controversies locally, and the relative congestion of the courts. See 15 Federal Practice and Procedure § 3847. Concerns of judicial economy neither favor nor disfavor transfer in this case. Nor does consideration of the Court's familiarity with the governing law tilt toward either party in this dispute. However, the Court's interest in resolving controversies locally does favor transfer to the Southern District. Accordingly, the Court finds that the public interest factors tilt toward transfer.

In consideration of the Section 1404(a) factors, coupled with Mr. Bradburn's failure to meet the burden of demonstrating why transfer is inappropriate, the Court finds the Southern District of Ohio, Western Division at Dayton the proper venue for this matter. Accordingly, the Court grants Wal-Mart's Motion to Transfer pursuant to 28 U.S.C. § 1404(a).

**CONCLUSION**

For the foregoing reasons, the Court will grant Rion, Rion, & Rion's motion to sever and remand (Doc. 7), grant the motion to transfer (Doc. 5) put forward by Wal-Mart Stores East, L.P. and Jennifer Anson, and deny Mr. Bradburn's motion to remand the entire case (Doc. 11). Accordingly, the dispute between Mr. Bradburn and the Defendant Rion is severed and remanded to the Cuyahoga County Court of Common Pleas, and the dispute between Mr. Bradburn and Wal-Mart and Ms. Anson is hereby transferred to the United States District Court Southern District of Ohio, Western Division at Dayton for further proceedings.

IT IS SO ORDERED.

UNITED STATES DISTRICT JUDGE

Date: / August 2012